UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>         Plaintiff,<br><br> - against -<br><br>LIFESCRIPT, INC.<br><br>         Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant LifeScript, Inc. ("Life" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Sasha Lynn Rosa's snow packed car owned and registered by Sadowski, a New York City based photojournalist. Accordingly, Sadowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Sadowski is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 46 Viola Avenue, Clifton, New Jersey, 07011. Sadowski's photographs have appeared in many publications around the United States.

6. Upon information and belief, Life is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 271 Madison Avenue, Suite 1108, New York, NY 10016. Upon information and belief, Life is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Life has owned and operated the website at the following URL: www.ParentSociety.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7. On or about January 25, 2016, Sadowski photographed the snow packed car of Sasha Lynn Rosa after she and her son died of carbon monoxide poisoning in their car (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Sadowski then licensed the Photograph to The New York Post. On January 25, 2016, The New York Post ran an article that featured the Photograph on its web edition entitled, *Mom and child died inside car while dad cleared snow around them.* See (/http://nypost.com/2016/01/25/mom-and-son-die-of-carbon-monoxide-poisoning-while-dad-clears-snow-off-car/). Sadowski's name was featured in a gutter credit identifying him as the

photographer of the Photograph. A true and correct copy of the Photograph on the article is attached hereto as Exhibit B.

9. Sadowski is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 2-000-106 effective March 31, 2016.

### B. Defendant's Infringing Activities

11. Upon information and belief, Life ran an article on the Website entitled *Mother and Son Die Tragically During Jonas Blizzard*. See (http://www.parentsociety.com/news-2/current-events/winter-warning-mother-son-die-tragically-jonas-blizzard/). The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Life did not license the Photograph from Plaintiff for its article, nor did Life have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST LIFE)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Life infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Life is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Life have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Life be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 6, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Christopher Sadowski*